# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO GARCIA, | CV F   02 6603 AWI SMS P |
|       Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS TO DENY MOTION & PLEA FOR ASSISTANCE AND RELIEF FROM INTERFERENCE  (Doc. 40.) |
| WARDEN, et. al., | |
|       Defendants. | |

Pedro Garcia ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on January 16, 2004.

On September 22, 2004,  Plaintiff filed a pleading titled "Motion & Plea for Assistance and Relief From Interference By Defendants."   In this pleading, Plaintiff requests that the Court issue an Order preventing Defendants from retaliating against him for filing this action.  Plaintiff states that verbal threats have been made against him and that he believes it is because he filed the instant action.  The court construes Plaintiff's request as a request for preliminary injunctive relief.

The legal principles applicable to a request for preliminary injunctive relief are well

1

established. To prevail, the moving party must show either "(1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the moving party's] favor." <u>Oakland Tribune, Inc. v. Chronicle Publishing Company, Inc.</u>, 762 F.2d 1374, 1376 (9th Cir. 1985), <u>quoting</u> <u>Apple Computer, Inc. v. Formula International, Inc.</u>, 725 F.2d 521, 523 (9th Cir. 1984); <u>see also</u> <u>Hartikka v. United States</u>, 754 F.2d 1516, 1518 (9th Cir. 1985). The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown. <u>Oakland Tribune</u>, 762 F.2d at 1376. "Under either formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." <u>Id</u>. In the absence of a significant showing of irreparability, the court need not reach the issue of likelihood of success on the merits. <u>Id</u>.

In this case, Plaintiff's fear of retaliation is speculative and does not does not constitute irreparable harm. <u>Goldies' Bookstore, Inc. v. Superior Court of the State of California</u>, 739 F.2d 466, 472 (9th Cir. 1984).

In addition, the court is unable to issue any order against individuals who are not parties to a suit pending before it. <u>Zenith Radio Corp. v. Hazeltine Research, Inc.</u>, 395 U.S. 100 (1969). Moreover, because the federal court is a court of limited jurisdiction, as a threshold matter, the court must have before it a case or controversy. <u>Flast v. Cohen</u>, 392 U.S. 83, 88 (1968). Absent such a case or controversy, the court has no power to hear the matter. <u>Rivera v. Freeman</u>, 469 F.2d 1159, 1162-1163 (9th Cir. 1972).

At present, the case has yet to be screened by the Court to determine if it states a cognizable claim for relief. Until such time as the Court finds a cognizable claim and Defendants have appeared in the action, Defendants are not yet parties. In addition, there can be no controversy until the Court conducts its screening. Thus, the Court cannot address either the likelihood of success on the merits or whether there are serious questions going to the merits of Plaintiff's claims.

Accordingly, the Court RECOMMENDS that the Request for Relief from interference be DENIED.

     The Court HEREBY ORDERS that these Findings and Recommendations be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within FIFTEEN (15) days after being served with a copy of these Findings and Recommendations, any party may file written Objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the Objections shall be served and filed within TEN (10) <u>court</u> days (plus three days if served by mail) after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file Objections within the specified time may waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    August 18, 2005**               /s/ Sandra M. Snyder
icido3                                      UNITED STATES MAGISTRATE JUDGE