# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO GARCIA,<br><br>    Plaintiff,<br><br>    v.<br><br>SCRIBNER, et. al.,<br><br>    Defendants.<br>_____ / | CV F   02 6603 AWI SMS P<br><br>ORDER DISMISSING WITH LEAVE TO AMEND  (Doc. 37.)<br><br>ORDER DIRECTING CLERK OF COURT TO SEND PLAINTIFF BLANK CIVIL RIGHTS FORM |

Pedro Garcia ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the instant action on December 19, 2002. The Court dismissed the Complaint with leave to amend on April 9, 2003. Plaintiff filed an Amended Complaint on April 28, 2003.  On June 30, 2003, the Court again dismissed the Complaint with leave to amend.  Plaintiff filed a Second Amended Complaint on June 10, 2004.  The Second Amended Complaint names Warden Scribner, Cpt. Andrews and Lieutenant Selfert and Mozan as Defendants.

**A. SCREENING STANDARD**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B. SUMMARY OF COMPLAINT**

Plaintiff alleges that Defendants are harassing, harming and threatening him. Plaintiff alleges that he has been subjected to cruel and unusual punishment in the manner of excessive force and that has been retaliated against for filing this action. Plaintiff is seeking monetary damages.

**C. CLAIMS FOR RELIEF**

*1. Linkage Requirement*

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a

constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

     *2. Eighth Amendment Excessive Force*

"Whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishment Clause [of the Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992) (citing Whitley v. Albers, 475 U.S. 312, 320-21 (1986)). "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between the need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" Hudson, 503 U.S. at 7. "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.

Not "every malevolent touch by a prison guard gives rise to a federal cause of action. Id. at 9. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." Id. (citing Johnson v. Glick, 481 F.2d 1028, 1033 (2nd Cir. 1973) (cert. denied sub nom. Johnson, 414 U.S. 1033 (1973)). "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" Id. at 9-10.

Plaintiff attempts to remedy the defects in his prior First Amended Complaint by providing examples of what he believes constitute an Eighth Amendment violation. Plaintiff alleges that on some unspecified occasion, Correctional Officers Moreno and Longoria used excessive force against him when they escorted him to the showers because the handcuffs cut

him.  Correctional Officers Moreno and Longoria, however, are not named Defendants in this action.  Accordingly, the Second Amended Complaint does not state a cognizable claim for relief against these individuals.  Even had Plaintiff named these two individuals, Plaintiff does not specify the date of this occurrence.  Thus, the Court could not say that the Second Amended Complaint provided sufficient notice to Defendants as to the events at issue.  Accordingly, Plaintiff does not state a cognizable claim for relief.

    *3. Verbal Harassment*

Plaintiff also alleges throughout the Complaint that he has been harassed and that it amounts to an Eighth Amendment violation.  However, as in the prior Orders dismissing with leave to amend, verbal harassment or abuse alone is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.  Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987.)  Thus, Plaintiff's continued inclusion of these allegations in the Complaint is futile as such allegations do not state a claim for relief in a 1983 action.

    *4. Supervisory Liability*

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  To state a claim for relief under section 1983 based on a theory of supervisory liability, plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"  Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983.  See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

1   Here, Plaintiff's allegations is that he informed certain supervisors that he experienced
2   excessive force but that they did not intervene.  Plaintiff has not alleged any facts indicating that
3   Defendants personally participated in the alleged deprivation of constitutional rights; knew of the
4   violations and failed to act *to prevent them*; or promulgated or "implemented a policy so deficient
5   that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the
6   constitutional violation.'"  Hansen v. Black at 646.  Accordingly, Plaintiff fails to state a claim
7   for relief.

   *5. Retaliation Claims*

9   An allegation of retaliation against a prisoner's First Amendment right to file a prison
10  grievance is sufficient to support claim under Section 1983.  Bruce v. Ylst, 351 F.3d 1283, 1288
11  (9th Cir.2003).  "Within the prison context, a viable claim of First Amendment retaliation entails
12  five basic elements:  (1) An assertion that a state actor took some adverse action against an
13  inmate (2) because of (3) that prisoner's protected conduct, and that such action  (4) chilled the
14  inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a
15  legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).   The
16  court must " 'afford appropriate deference and flexibility' to prison officials in the evaluation of
17  proffered legitimate penological reasons for conduct alleged to be retaliatory."  Pratt v. Rowland,
18  65 F.3d 802, 807 (9th Cir.1995) (*quoting* Sandin v. Conner, 515 U.S. 472, 482, 115 S.Ct. 2293
19  (1995)).  The burden is on plaintiff to demonstrate "that there were no legitimate correctional
20  purposes motivating the actions he complains of."  Pratt, 65 F.3d at 808.

21  As in the prior Complaints, Plaintiff alleges generally that Defendants have retaliated
22  against him.  However, Plaintiff does not link any named individual to an act or omission giving
23  rise to a retaliation claim.  In addition, Plaintiff complains only generally that he was harassed,
24  however, other than a conclusory allegation of harassment, he fails to state specifically what type
25  of action was taken against him in retaliation and for what specifically.   Accordingly, Plaintiff
26  again fails to state a retaliation claim.

   *6. Acts arising after the initiation of this action*

28  Plaintiff lists several incidents occurring after December 15, 2003, the date he signed the

5

Complaint initiating this action, as evidence in support of the above claims. However, any incidents that might rise to the level of a constitutional violation that arose after the date Plaintiff initiated this action are necessarily unexhausted and required dismissal.

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life. Porter v. Nussle, 435 U.S. 516, 532 (2002). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth v. Churner, 532 U.S. 731, 741 (2001).

The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084, et seq. "Any inmate or parolee under the department's jurisdiction may appeal any departmental decision, action, condition, or policy which they can reasonably demonstrate as having an adverse effect upon their welfare." Id. at 3084.1(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Cal. Code Regs. tit 15, § 3084.5 (2004).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (*citing* Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curiam)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the court concludes that the prisoner has failed to exhaust administrative remedies,

the proper remedy is dismissal without prejudice. Id.

**Exhaustion must occur prior to filing suit. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Plaintiff may not exhaust while the suit is pending. McKinney, 311 F.3d at 1199-1201.**

Here, all of the allegations made by Plaintiff that occurred after December 15, 2002, are necessarily unexhausted as Plaintiff could not exhaust or attempt to exhaust them *prior* to the date Plaintiff filed this action. Although Plaintiff complains that his inmate appeals were unanswered, the Court could only consider such allegation as it applies to the claims that arose before he filed suit. Plaintiff does not explain which claims his allegation of unanswered appeals applies to. In any event, all claims for relief included in the Second Amended Complaint that arose after the filing of this complaint must be dismissed as it is impossible for Plaintiff to have exhausted or made any attempt to exhaust prior to December 15, 2002, when he filed this action. Accordingly, such claims cannot be included or considered in this action.

**D. CONCLUSION**

The Court finds that Plaintiff's complaint does not contain any claims upon which relief can be granted under § 1983 against any of the Defendants.[1] The Court will provide Plaintiff with time to file a Third Amended Complaint curing the deficiencies identified above should he wish to do so.

Plaintiff must demonstrate in the Third Amended Complaint how the conditions complained of resulted in a deprivation of his constitutional rights. See, Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The Amended Complaint must specifically state how each defendant is involved. Further, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo

---

[1] The Court notes that Plaintiff has submitted hundreds of attachments in support of his Complaint. However, the Court will not examine all of the exhibits attached to a Complaint to try to find factual support for Plaintiff's allegations. The the federal system is one of notice pleading. Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126 (2002). Thus, the purpose of the complaint is to provide notice to the defendants of the nature of the claim, the facts that support the claim and the relief sought. Rule 8(a), Fed.R.Civ.P. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002)(such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests). As such, merely providing exhibits in support of a Complaint that fails to state a claim on its own does not aid Plaintiff.

v. Goode, 423, U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is advised that Local Rule 15-220 requires that an Amended Complaint be complete in itself without reference to any prior pleading. As a general rule, an Amended Complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an Amended Complaint is filed, the original Complaint no longer serves any function in the case. Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each defendant must be sufficiently alleged. The Amended Complaint should be clearly and boldly titled "THIRD AMENDED COMPLAINT," reference the appropriate case number, and be an original signed under penalty of perjury.

**E. ORDER**

The Court HEREBY ORDERS:

1. The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights complaint form;

2. The Amended Complaint is DISMISSED with leave to amend. Within THIRTY (30) days from the date of service of this order, Plaintiff SHALL:

   a. File an Amended Complaint curing the deficiencies identified by the Court in this Order, or

   b. Notify the Court in writing that he does not wish to file an Amended Complaint and pursue the action but instead wishes to voluntary dismiss the case.

Plaintiff is forewarned that his failure to comply with this Order may result in a Recommendation that the complaint be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

**Dated:    November 17, 2005**          /s/ Sandra M. Snyder
icido3                                    UNITED STATES MAGISTRATE JUDGE